# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WORLEY BROTHERS SCRAP IRON & ) | Case No. 14-26318-PJD |
| METAL INC., ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. | |

**MOTION TO TERMINATE THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY OF THE ESTATE OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

COMES NOW Capital One Equipment Leasing & Finance ("Capital One") by and through undersigned counsel, hereby requests termination of the automatic stay and for abandonment of property of the estate, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 554, FED. R. BANKR. P. 4001 and 9014 or, in the alternative, for adequate protection, pursuant to 11 U.S.C. § 361. In support of this Motion, Capital One states and shows unto the Court as follows:

### JURISDICTION

1. This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The statutory predicates for relief are 11 U.S.C. §§ 361, 362 and 554.

### BACKGROUND

2. On or about June 20, 2014 ("Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

3. As of the Petition Date, Capital One is the holder of a claim against Debtor in the

amount of $219,102.40 by virtue of a Chattel Mortgage dated July 18, 2011 executed by Debtor in favor of Capital One in the original amount of $385,130.00.  *See* Exhibit A.

4.  Pursuant to the Chattel Mortgage, Debtor granted Capital One a first priority security interest in  "One (1) Al-Jon portable Model 580CL Car Logger/Baler with hydraulic crane continuous rotation, including all attachments, accessories, parts and freight" identified as Serial Number 14947 and VIN 1A95B503B0482747 ("Equipment") and "all proceeds and products thereof, all proceeds of insurance thereon, all substitutions therefor and all additions thereto." (collectively with the Equipment, the "Collateral").

5.  The security interest of Capital One was properly perfected by the filing of a UCC-1 financing statement ("Financing Statement") of record as Instrument Number 211-079909 on September 29, 2011 with the Office of the Tennessee Secretary of State.  *See* Exhibit B.

6.  Capital One filed a timely proof of claim in the above-styled bankruptcy proceeding on October 13, 2014 [Claim No. 98-1].  The proof of claim is supported by the Chattel Mortgage and Financing Statement.

7.  Debtor lists Capital One in its schedules with a secured claim in the amount of $225,000.00 [Dkt # 23].

**GROUNDS FOR RELIEF FROM AUTOMATIC STAY AND RELIEF REQUESTED**

8.  Since the filing of Debtor's Petition, Debtor has failed to make monthly installment payments under the Chattel Mortgage, although, upon information and belief, the Debtor has continued to use the Collateral.  Additionally, Debtor has not provided Capital One with proof of insurance.  Through continued use, the Collateral continues to decline in value.

9. The value of the Collateral continues to decline and the Collateral is of inconsequential value and is burdensome to the estate. Accordingly, the Collateral should be abandoned from the bankruptcy estate pursuant to 11 U.S.C. § 554(b) and the automatic stay lifted to permit Capital One to exercise their lawful rights and remedies against the Collateral.

10. Alternatively, Capital One's secured position in the Collateral is not and cannot be adequately protected.

11. As stated, Capital One's interest in the Collateral diminishes with the passage of time. Time is of the essence in Deere obtaining this relief. The automatic stay should be lifted for cause, including the lack of adequate protection, pursuant to 11 U.S.C. § 362(d)(1) to permit Capital One and other interested parties to exercise their lawful rights and remedies against the Collateral.

12. Accordingly, Capital One is entitled to relief from the automatic stay under 11 U.S.C. § 362(d).

13. Capital One avers that, under the circumstances of this case, any order entered approving this motion should also waive the fourteen-day stay provisions of Fed. R. Bankr. P. 4001(a)(3).

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Capital One prays as follows:

1. The automatic stay as provided by 11 U.S.C. § 362(a) be terminated as to Capital One and the Collateral, and Deere & Company be allowed to exercise all of its rights with respect to the Collateral, and otherwise protect its interest in the Collateral securing the outstanding indebtedness owed;

2. The bankruptcy estate's interest in the Collateral and proceeds thereof be abandoned as burdensome or of inconsequential value to the estate pursuant to 11 U.S.C. § 554;

3. The relief requested herein become effective immediately upon entry of an Order Terminating Automatic Stay and the provisions of FED. R. BANKR. P. 4001(a)(3) be waived;

4. In the alternative, Capital One be provided adequate protection in the form of immediate and continuing payments; and

5. For such other and further relief to which Capital One is entitled as this Court may deem just and proper.

Dated: December 8, 2014.

Respectfully submitted,

BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ PC

/s/ M. Ruthie Hagan
M. Ruthie Hagan (TN 026839)
165 Madison Ave., Suite 2000
Memphis, Tennessee  38103
Telephone:  (901) 577-2147
Email:  rhagan@bakerdonelson.com

*Attorneys for Capital One Equipment Leasing & Finance*

**CERTIFICATE OF SERVICE**

I certify that on December 8, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ M. Ruthie Hagan
M. Ruthie Hagan

M ZAK 2556125 v2
2930859-000001  12/08/2014