**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In re:

| | |
|---|---|
| WORLEY BROTHERS SCRAP IRON & METAL, INC.<br>Debtor. | Case No. 14-26318-PJD<br>Chapter 11 |

**MOTION OF DEBTOR TO DISALLOW CHAPTER 11 PLAN OF VOTES OF RECIPIENT OF PREFERENTIAL TRANSFERS AND CONTINGENT, UNLIQUIDATED, DISPUTED CLAIM; EXPEDITED HEARING REQUESTED**

Comes now Worley Brothers Scrap Iron & Metal, Inc., as debtor and debtor in possession ( "Debtor"), and hereby moves ("Motion") the Court for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 502(a), 502(d) and 1126(a), to disallow the Chapter 11 Plan votes of all claims filed by OmniSource Corporation and Advantage Companies, LLC; Expedited Hearing Requested. In support of its Motion, the Debtor would show unto the Court as follows:

**VENUE AND JURISDICTION**

1.　This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.　The statutory predicates for the relief requested herein are sections 105(a), 502(a), 502(d) and 1126(a) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**BACKGROUND**

3.　On June 20, 2014, ("Petition Date") Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code, the Debtor is continuing to operate its business and manage its assets as Debtor-in-Possession.

4. Worley Brothers is a corporation organized and existing under the laws of the State of Tennessee. Worley is in the car parts and accessories and recycling and waste management business.

5. On December 9, 2014, the Debtor filed a Disclosure Statement and Summary of Plan of Reorganization [Docket 190]. In addition, on January 13, 2015, the Debtor filed its Plan of Reorganization [Docket 227]. On January 14, 2015, the Debtor filed its First Amended Disclosure Statement and Summary of Plan of Reorganization [Docket 229].

6. On January 14, 2015, the Court entered an Order Approving the First Amended Disclosure Statement, Fixing Time for Filing Objections, Fixing Time for Filing Acceptances or Rejections of Plan, and Fixing Date for Pretrial Conference Hearing on Confirmation of Plan Combined with Notice Thereof [Docket 233].

7. Since the Petition Date, the Debtor has investigated potential avoidable transfers made by the Debtor. The Debtor identified OminSource Corporation as a recipient of a preferential transfer. The Debtor commenced an adversary proceeding on March 13, 2015, seeking a return of the funds. OmniSource Corporation filed a ballot rejecting the Plan in the amount of $130,000.

8. Since the Petition Date, the Debtor has also reviewed claims filed by creditors. Advantage Companies, LLC filed an unsecured claim [Claim 8] in the amount of $200,000 based upon the lawsuit proceeding on the Petition Date styled *Advantage Companies, LLC v Worley Brothers Scrap Iron & Metal and Johnny Worley, individually,* pending in the Chancery Court of Desoto County, Mississippi.

9. The Advantage Companies, LLC claim is unliquidated and contingent. It is based upon an alleged breach of contract.

**RELIEF REQUESTED**

10. By the Motion, the Debtor respectfully requests that this Court enter an order, pursuant to 11 U.S.C. §§ 105(a), 502(a), 502(d) and 1126(a), disallowing the Chapter 11 Plan votes of OmniSource Corporation and Advantage Companies, LLC.

11. Section 1126(a) of the Bankruptcy Code provides: "The holder of a claim or interest *allowed under section 502 of this title* may accept or reject a plan." 11 U.S.C. § 1126(a) (emphasis supplied). Section 502(a) of the Bankruptcy Code provides, in relevant part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, *unless a party in interest…objects…*" 11 U.S.C. § 502(a) (emphasis supplied). Thus, taken together, § 502(a) and § 1126(a) operate to prevent the holder of a claim to which a party has objected from voting on a Chapter 11 Plan. *In re Dow Corning Corp.,* 211 B.R. 545, 573 (E.D. Mich. July 29, 1997)*; See also Jacksonville Airport, Inc. v. Michkeldel, Inc.* 434 F3d 729, 731 (4th Cir. 2006); *In re M. Long Arabians,* 103 B. R. 211, 215 (B.A.P. 9th Cir. 1989).

12. Here, the Debtor has filed an adversary proceeding against OmniSource for return of a preferential transfer. The Complaint contains an objection to any claim of OmniSource; it has not filed a proof of claim. Moreover, OmniSource filed a ballot in the amount of $130,000 which is higher than its debt of $110,000. Section 502(d) of the Bankruptcy Code provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, or 553 of this title.

3

11 U.S.C. §502(d). Section 502(d) "preclude[s] entities which have received voidable transfers from sharing in the distribution of the assets of the estate unless and until the voidable transfer has been returned to the estate." *In re McKenzie, No. 1:11-CV-192, 2012 WL 4742708, at *10 (E.D. Tenn. Oct. 2, 2012) aff'd, 737 F.3d 1034, 1041-42 (6th Cir. 2013). See also In re Mid Atlantic Fund, Inc. (In re America West Airlines, Inc.)* 60 B.R. 604, 609 (Bankr. S.D.N.Y. 1986); *El Paso City of Texas v. America West Airlines, Inc. (In re America West Airlines Inc.)* 217 F.3d 1161, 1168 (9th Cir. 2000); *Jacksonville Airport, Inc. v. Michkeldel, Inc.,* 434 F.3d at 732 ("As long as a party in interest objects to a claim – regardless of the objection's validity or merit – the claim regardless of the objection's validity or merit – the claim cannot be deemed allowed."); *see also In re Motorwerks, Inc.,* 371 B.R. 281, 296 (Bankr. S.D. Ohio 2007) ([502(d)] provides for the disallowance of claims of creditors who receive preferences, fraudulent transfers or other void or voidable transfers unless such creditors surrender the transferred property to the trustee…); *(Inter-State National Bank of Kansas City v. Luther*, 221 F.3d 382, 389 (10th Cir. 1955) ("claims of creditors who have received or acquired void or voidable preferences are not allowable unless such creditors shall surrender such preferences"). It is clear the holder of a claim to which a party has objected may not vote on a Chapter 11 Plan. *In re Dow Corning Corp.,* 211 B.R. at 573; *See also Jacksonville Airport,* 434 F.3d at 731; *In re M. Long Arabians*, 103 B.R. at 215.

13.  The Advantage Companies, LLC filed Claim No. 8 in the amount of $200,000. The claim is asserted in a lawsuit filed against the Debtor pre-petition. Advantage Companies has never sought relief from the automatic stay.

4

**RESERVATION OF RIGHTS**

14. Nothing set forth herein is intended, nor shall be deemed, to modify, limit, release, reduce, or waive any of the Debtor's or the estate's rights, claims, remedies, causes of action, or privileges at law or in equity, all of which are specifically preserved. More specifically, but not limited the foregoing, nothing contained in the Motion shall be construed as a waiver of any rights that the Debtor may have (i) to bring avoidance actions under the applicable sections of the Bankruptcy Code or applicable law, including, but not limited to, sections 547, 548 and 550 of the Bankruptcy Code against other holders of claims, or (ii) to exercise the Debtor's right of setoff against the holders of such claims relating to such avoidance actions.

15. An expedited hearing is requested as confirmation is set for April 8, 2015, at 9:30 a.m.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court (i) grant the Motion; (ii) disallow the Chapter 11 Plan votes of the claimants OmniSource Corporation and Advantage Companies, LLC; and (iii) grant the Debtor such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Steven N. Douglass
Steven N. Douglass     (Tenn. Disc. No. 9770)
Harris Shelton Hanover Walsh, PLLC
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103-2555
(901) 525-1455
*Counsel to the Debtor and Debtor-in-Possession*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of March 2015, a copy of the foregoing electronically filed pleading was served via U.S. mail, postage prepaid or electronic mail upon the United States Trustee, counsel for OminSource Corporation, counsel for Advantage Companies, LLC and all parties who have requested to receive notice in this case.

                                /s/ Steven N. Douglass
                                STEVEN N. DOUGLASS